**Jennifer S. Clark**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2d Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email:   Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISOULA DIVISION

| UNITED STATES OF AMERICA, | CR 20-46-M-DLC |
|---|---|
| Plaintiff, | **OFFER OF PROOF IN SUPPORT OF GUILTY PLEA** |
| vs. | |
| SCOTT MICHAEL GEORGE DANIELS, | |
| Defendant. | |

The United States of America, represented by Assistant United States Attorney Jennifer S. Clark, files its offer of proof in anticipation of the change of plea hearing.

1

## THE CHARGES

The defendant, Scott Michael George Daniels, is charged by indictment in Count I with Conspiracy to Possess with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846; in Count II with Possession with Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and in Count III with Prohibited Person in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(3). There also is a forfeiture allegation contained in the indictment.

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will enter a voluntary plea of guilty to Count I of the indictment. The United States will move to dismiss Count II and Count III. The defendant will admit the forfeiture allegation. The United States presented all formal plea offers to the defendant in writing. In the government's view, the plea agreement entered into by the parties and filed with the Court represents the most favorable offer extended to the defendant. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order to prove the charge contained in the indictment against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt.

First, there was an agreement between two or more people to distribute and to possess with the intent to distribute controlled substances;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, 500 grams or more of a substance containing a detectable amount of methamphetamine was involved in the conspiracy.

## PENALTY

Count I of the indictment charges the crime of Conspiracy to Possess with Intent to Distribute methamphetamine. This offense carries a mandatory minimum ten years up to life imprisonment, a $10,000,000 fine, at least five years supervised release, and a $100.00 special assessment.

## ANTICIPATED EVIDENCE

If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of testimony of law enforcement officers, lay and expert witnesses and physical evidence the following:

Confidential Source 1 (CS1) would testify that Daniels, CS1, and others, transported stolen vehicles from Kalispell to Spokane and traded them for illegal drugs. CS1 and Daniels found a plug (drug source) together.

Confidential Source 2 (CS2) would testify Leon Kavis supplied Daniels with approximately 12 pounds of methamphetamine in mid-August 2020. CS2 saw Daniels with a big Ziploc bag of methamphetamine in the detached garage at Daniels' residence in Kalispell, Montana. CS2 purchased methamphetamine from Daniels' four times in 2020. Total purchases were approximately 2.25 ounces. CS2 also observed Daniels selling methamphetamine to others in his detached garage.

Confidential Source 3 (CS3) would testify that CS3 observed Daniels with approximately three pounds of methamphetamine in his garage. CS3 observed Daniels distributing methamphetamine to several people.

Law enforcement would testify about the search warrant they executed on Daniels' residence on September 30, 2020. They recovered:

- Six rifles (two assault rifles), one assault shotgun, and two handguns;
- Body armor;
- A small quantity of suspected methamphetamine;
- A small quantity of suspected heroin;
- Numerous items of drug paraphernalia including an energy drink container with a false compartment;
- Six digital scales;
- Numerous unused small baggies commonly used for the distribution of controlled substances, one of which had a pattern matching the baggie recovered with methamphetamine.

Daniels was interviewed and admitted distributing between 49-60 ounces of methamphetamine between spring 2020 and fall 2020. Daniels stated he would

buy methamphetamine for around $600-$700 per ounce and then sell it in smaller quantities.   He stated he relapsed his drug use at the beginning of the year and began distributing to support his drug use.

The government submits that the aforementioned evidence would prove beyond a reasonable doubt all the elements of the crime charged in the indictment.

Respectfully submitted this 14th day of January, 2021.

                              LEIF M. JOHNSON
                              Acting United States Attorney


                              */s/ Jennifer S. Clark*
                              Assistant U.S. Attorney
                              Attorney for Plaintiff