IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–46–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT MICHAEL GEORGE DANIELS, | |
| Defendant. | |

Before the Court is the United States' Unopposed Motion for Amended Preliminary Order of Forfeiture. (Doc. 32.) Upon motion of the United States, (Doc. 28), this Court previously entered a preliminary order of forfeiture against Defendant Scott Michael George Daniels. (*See generally* Doc. 31.) Now the United States moves for the amendment of this order (Doc. 31) to include additional property omitted from its original motion. (Doc. 32-1 at 1.) The United States does not explain why such property was originally omitted and its supporting brief is just a duplicate copy of the motion. (Docs. 32–33.)

This Court can only amend a preliminary order of forfeiture in specific circumstances. Fed. R. Crim. P. 32.2(e)(1). More precisely, this Court may only "amend any existing order of forfeiture" when the property sought to be included: (1) is subject to forfeiture under an existing order of forfeiture but was located and

1

identified after that order was entered; or (2) is substitute property that qualifies for forfeiture under an applicable statute. *Id.* Indeed, as the 2009 Advisory Committee Note observes, "the rules give the sentencing court only very limited authority to correct errors or omissions in the preliminary forfeiture order." *United States v. Root*, 2016 WL 4205358, *1 (E.D. Wash. 2016). Because the United States' motion (Doc. 32) does not delineate any legal basis upon which the requested amendment could be made, the Court will deny the motion subject to renewal.

Accordingly, IT IS ORDERED that the motion (Doc. 32) is DENIED, subject to renewal upon the United States' showing of how such amendment is authorized by law or other rule of criminal procedure.

DATED this 8th day of February, 2021.

_____
Dana L. Christensen, District Judge
United States District Court