IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MICHAEL GEORGE DANIELS,<br><br>Defendant. | CR 20–46–M–DLC<br><br><br><br>ORDER |

Before the Court is the United States' renewed Unopposed Motion for Amended Preliminary Order of Forfeiture.  (Doc. 35.)  The United States requests that this court amend its preliminary order of forfeiture to include "[a]ssorted ammunition, magazines, bipod, attached lights, and bayonet."  (Doc. 36 at 3.)  For the reasons stated herein, the motion (Doc. 35) will be denied.

On February 5, 2021, this Court entered a preliminary order of forfeiture, requiring Defendant Scott Michael George Daniels to forfeit his interest in certain property.  (*See generally* Doc. 31.)  The United States subsequently moved this Court for an amendment of the order to include additional property.  (Docs. 32; 33.)  This Court denied the motion on the basis it can only amend a preliminary order of forfeiture in "specific circumstances" which the United States had not demonstrated were present.  (Doc. 34 at 1.)  In doing so, the Court specifically

1

stated that the motion could be renewed upon showing "how such amendment is authorized by law or other rule of criminal procedure." (*Id.* at 2.) The United States' renewed motion (Doc. 35) fails to do so.

As previously explained, this Court can only amend a preliminary order of forfeiture in very specific circumstances. Fed. R. Crim. P. 32.2(e)(1). This includes when the property sought to be included in the amended order either: (1) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or (2) is substitute property that qualifies for forfeiture under an applicable statute. *Id.* Unless either of these two circumstances are met, this Court is without the power to amend a prior order of forfeiture. *United States v. Root*, 2016 WL 4205358, *1 (E.D. Wash. 2016); *see also United States v. Lazarenko*, 575 F. Supp. 2d 1139, 1147 (N.D. Cal. 2008) (citing *Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991)).

Despite this Court's prior order (Doc. 34), the United States has not demonstrated that the property sought to be included by the amendment falls within either of the two circumstances identified above or is otherwise permitted by law. That is, the United States has not demonstrated, or even argued, that the property is subject to an existing order of forfeiture but was located and identified after the preliminary forfeiture order was entered or constitutes substitute property under applicable law. (Docs. 35–36.) In fact, the only basis for the amendment

appears to be the United States' unintentional omission of the additional property from its original forfeiture motion. (Doc. 36 at 2.) Amending the Court's prior order (Doc. 31) on this basis alone would be an overreach of judicial power.

Accordingly, IT IS ORDERED that the motion (Doc. 35) is DENIED.

DATED this 9th day of February, 2021.

Dana L. Christensen, District Judge
United States District Court