IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MICHAEL GEORGE DANIELS,<br><br>Defendant. | CR 20–46–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Scott Michael George Daniels's Motion for Early Termination of Supervised Release. (Doc. 52.) Mr. Daniels pled guilty to conspiracy to possess with intent to distribute methamphetamine, and on May 13, 2021, Mr. Daniels was sentenced to a custodial term of 36 months to be followed by 36 months of supervised release. (Doc. 44.) Mr. Daniels began his term of supervised release on July 31, 2023. (Doc. 53 at 2.) Mr. Daniels has served 27 months of supervised release and now seeks termination of the remaining term of supervision. (*Id.* at 1–2.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.*)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any

1

    time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Daniels began his 36-month of supervised release on July 31, 2023, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense."

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Daniels's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Daniels waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Daniels's supervised release is obviously favorable to him and the United States does not object. (Doc. 53 at 2.) Accordingly, the Court will dispose of this matter without a hearing.

18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Daniels's remaining term of supervised release. Mr. Daniels has completed 27 months of his 36-month term of supervised release. There have been no reports of any violations of his term of supervision, aside from a dilute urinalysis in 2023. (Doc. 53 at 4.) This minor issue was resolved without a formal report of the violation. (*Id.*) Mr. Daniels owns a home in the Flathead Valley where he resides with his family. (*Id.*) Since his release from custody, Mr. Daniels has maintained sobriety and is active in his children's lives. (*See* Doc. 54-2 at 1.) Mr. Daniels works for La Salle Sand and Gravel, where he has maintained employment since August of 2023. (*See* Doc. 54-1 at 1.) Mr. Daniels looks forward to the prospect of travelling for work should his supervision be terminated. (Doc. 53 at 4.) The Court commends Mr. Daniels's performance while on supervision and wishes him luck.

Accordingly, IT IS ORDERED that the Motion (Doc. 52) is GRANTED.

IT IS FURTHER ORDERED that Mr. Daniels's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of

Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 28th day of October, 2025.

                                        */s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court